## UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:        LOUIS B. STEVENS | : | Chapter 13 |
| | : | |
| **Debtor** | : | |
| **Strategic Diversified Real Estate Holdings, LLC** | : | |
| Movant | : | Bankruptcy  Case Number |
| | : | 15-17187 SR |
| | : | |

### Debtor's Response to the Motion for
### Relief from the Automatic Stay

Debtor, **Louis B. Stevens**, by and through his counsel, **MICHAEL SCHWARTZ**, **ESQUIRE**, hereby files this response to Movant's Motion and in support thereof avers as follows:

1.　　DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

2.　　ADMITTED in part. DENIED in part.  It is admitted that the property is an apartment building (8 units).  It is denied that the primary purpose of the property for Debtor is investment.  Debtor uses this property for income.

3.　　DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

4.　　DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.  By way of further response, Debtor has made a mortgage payment to Movant's counsel for November 2015 - his first payment post-petition.

5. ADMITTED.

6. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.  By way of further response, the purpose of the filing of the bankruptcy was to create a Chapter 13 plan that would cure the arrears owed to the mortgage company.

7. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.  By way of further response, Movant has yet to file a proof of claim detailing the amounts owed on the mortgage.

8. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.  By way of further response, since Movant's Motion lacks merit, Debtor should not be held responsible for Movant's fees and costs associated with this motion.

9. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

10. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

11. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

12. DENIED. Answering Debtor denies the allegations contained in this paragraph as conclusions of law to which no response is required. Strict proof thereof is demanded at time of hearing if deemed relevant.

**WHEREFORE**, Debtor, **Louis B. Stevens**, requests that this Honorable Court deny the motion of Movant for relief from automatic stay and to declare the automatic stay is still in effect.

Respectfully Submitted,

_____/s/ Michael Schwartz_____
**MICHAEL SCHWARTZ, ESQUIRE**
Attorney for Debtor